UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) <br> ) <br> E-mail Account: thomasmockli@gmail.com ) <br> _____) | Case: 1:15-mc-01936 <br> Assigned To : Harvey, G. Michael <br> Assign. Date : 12/23/2015 <br> Description: Misc. |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement Between the United States of America and the Republic of Poland on the Application of the Treaty Between the United States of America and the Republic of Poland on the Mutual Legal Assistance in Criminal Matters signed July 10, 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington June 25, 2003, U.S.-Poland, June 9, 2006, S. TREATY DOC. No. 109-13 (2006) ("Agreement"), to execute a request from Poland. The proposed Order would require Google Inc., an online service provider located in Mountain View, California, to disclose subscriber and transactional records pertaining to the e-mail account thomasmockli@gmail.com as identified in Part I of Attachment A to this application and the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to this application and the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d) (2012). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii) (2012); *see also* 18 U.S.C. § 3512(a)(2)(B) (2012) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) (2012) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

2. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1) (2012). This application to execute Poland's request has been duly authorized by an appropriate official of the Department of Justice, through the Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

---

[1] The Attorney General, through statutes and regulations, has delegated to the Office of International Affairs her authority to serve as the "Central Authority" or "Competent Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B (2014).

2

3.      Google Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google Inc. to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (2012) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (2012) (Part II.B of Attachment A).

4.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d) (2012). Accordingly, the next section of this application sets forth specific and articulable facts that establish that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5.      Authorities in Poland are investigating an unknown individual for fraud that occurred between on or about January 7, 2013, and January 11, 2013, in violation of the criminal law of Poland, specifically, Article 286, paragraph 1 of the Criminal Code of Poland. A copy of the applicable law is appended to this application. The United States, through the Department of Justice, Criminal Division, Office of International Affairs, received a request from Poland to provide the requested records to assist in the criminal investigation. Under the Agreement, the United States is obligated to render assistance in response to the request.

6.      According to authorities in Poland, an individual ("Victim") contacted a person ("Subject") at the e-mail address thomasmockli@gmail.com about the sale of a Land Rover

Freelander 2.2 TDI HSE ("Land Rover") that was advertised on the portal moto.gratka.pl for sale. The e-mail address thomasmockli@gmail.com was posted on the portal moto.gratka.pl.

7. Victim and Subject agreed that Victim would purchase the Land Rover for EUR 6,500.00 (approximately US $8,628). In e-mails exchanged between Victim and Subject (at Subject's e-mail address thomasmockli@gmail.com), the parties further agreed that the transaction would be carried out online using the Google Checkout on-line payment system.

8. Victim received an e-mail from googlecheckout.merchant@consultant.com that provided the Google Checkout logo and the bank account number (XXXX XXXX XXXX XXXX 8451 92) to which Victim should send his payment for the Land Rover. In addition, the e-mail from googlecheckout.merchant@consultant.com also stated that Victim should send any return correspondence to that e-mail address.

9. Thereafter, on January 7, 2013, and January 11, 2013, respectively, Victim made payments as agreed upon totaling EUR 6,500.00 to bank account XXXX XXXX XXXX XXXX 8451 92.

10. Despite the agreement between Victim and Subject, the Land Rover was never delivered to Victim. Victim e-mailed the account googlecheckout.merchant@consultant.com to inquire about the failure to ship the vehicle, but received no response. E-mail correspondence between Victim and the Subject (using thomasmockli@gmail.com and googlecheckout.merchant@consultant.com) occurred between December 29, 2012, and January 11, 2013.

## REQUEST FOR ORDER

11. The facts set forth in the previous section establish that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A

4

are relevant and material to an ongoing criminal investigation. Specifically, the records and other information will help authorities in Poland identify the individual or individuals who are responsible for the events described above, and/or determine the nature and scope of the individual's or individuals' activities. Accordingly, the United States requests that Google Inc. be directed to produce all items described in Part II of Attachment A to this application and the proposed Order within ten days of receipt of the Order.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        UNITED STATES ATTORNEY

By: _____/s_____
    VERONICA JENNINGS
    Assistant United States Attorney
    D.C. Bar Number 981517
    Cyber Unit
    555 4th Street, N.W., Room 4233
    Washington, D.C. 20530
    (202) 252-7250 telephone
    (202) 514-6010 facsimile
    Veronica.Jennings@usdoj.gov


    MARY D. RODRIGUEZ
    ACTING DIRECTOR
    OFFICE OF INTERNATIONAL AFFAIRS
    D.C. Bar Number 423849

By: _____s/_____
    JOHN D. RIESENBERG
    Trial Attorney
    CA Bar Number 232839
    Office of International Affairs
    Criminal Division, Department of Justice
    1301 New York Avenue, N.W., Suite 800
    Washington, D.C. 20530
    (202) 616-2742 telephone
    (202) 514-0080 facsimile
    John.Riesenberg@usdoj.gov

## Relevant Provision of the Criminal Code of Poland

**Article 286, Paragraph 1**

Whoever, with the purpose of gaining a material benefit, commits a fraud by misleading another person, or by taking advantage of a mistake or inability to adequately understand the action undertaken shall be subject to the penalty of imprisonment for a term of between 6 months and 8 years.

# ATTACHMENT A

## I. The Account

The Order applies to certain records and information relating to the e-mail account thomasmockli@gmail.com and any preservation numbers associated therewith.

## II. Records and Other Information to Be Disclosed

Google Inc. is required to disclose to the United States the following records and other information relating to the e-mail account identified in Part I of this Attachment ("Account") for the time period from December 22, 2012, to and including January 18, 2013.

    A.    The following information about the customers or subscribers of the Account:

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3. Local and long distance telephone connection records;
4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5. Length of service (including start date) and types of service utilized;
6. Telephone or instrument numbers (including media access control ("MAC") addresses);
7. Other subscriber numbers or identities (including the registration IP address); and
8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

    B.    All records and other information (not including the contents of communications) relating to the Account, including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination IP addresses; and
2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication

2

(such as source and destination e-mail addresses, IP addresses, and telephone numbers).

3